UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN GOODALL,

    Petitioner,

v.                                                 Case No. 2:17-CV-10897

KENNETH ROMANOWSKI,

    Respondent,
_____/

**OPINION AND ORDER DENYING AS MOOT THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

John Goodall, ("Petitioner"), presently incarcerated at the Richland County Jail in Mansfield, Ohio, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner alleges that his rights were violated by the failure to timely extradite him back to the State of Ohio on a Governor's Warrant to face a possession of heroin charge in Richland County, Ohio. Respondent filed a motion to dismiss. (Dkt. # 10.) For the reasons stated below, the petition for writ of habeas corpus will be denied as moot.

**I. Discussion**

Respondent argues that Petitioner's claim that the State of Ohio failed to execute

---

[1] When Petitioner filed his habeas application, he was incarcerated at the Detroit Re-Entry Center. According to the Richland County, Ohio Sheriff's Office Inmate Locator, which may be accessed through its official website http://www.richlandcountyoh.us/Sheriff/Inmates.html, and of which this court may take judicial notice, *See e.g. Marshek v. Eichenlaub,* 266 F. App'x. 392 (6th Cir. 2008), Petitioner has since been transferred to the Richland County Jail in Mansfield, Ohio. Petitioner in a letter to this Court (Dkt. # 8) acknowledges that he has been transferred to this jail.

1

the Governor's Warrant in a timely manner and extradite Petitioner back to the State of Ohio to face charges is moot because Petitioner has, by his own admission, been extradited to Richland County, Ohio.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When there is no actual injury remaining for the court to redress through the issuance of a writ of habeas corpus, and thus, the court cannot affect the matter at issue, the action is moot and the court has no authority to render a decision. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

Petitioner has been returned to the State of Ohio. Accordingly, his right to challenge the extradition is moot because he is no longer being detained by the State of Michigan and thus, the legality of his detention is no longer at issue. *See Barton v. Norrod*, 106 F. 3d 1289, 1298 (6th Cir. 1997). Additionally, Petitioner does not challenge his extradition to Ohio (the demanding state), but rather argues extradition should have occurred sooner. In other words, Petitioner challenges Michigan's (the asylum state) failure to comply with proper extradition procedures. In considering cases where a fugitive was "returned to the demanding state without strict compliance with extradition procedures" the Sixth Circuit emphasized that the "sole object of the

2

provision of the constitution [the extradition clause], and the act of congress to carry it into effect, is to secure the surrender of persons accused of crime, who have fled from the justice of the state whose laws they are charged with violating." *Id.* (holding that the "failure to comply with established [extradition] procedures does not deprive the fugitive of any protected right") (quoting *Lascelles v. State*, 148 U.S. 537, 542 (1893)). Therefore, Petitioner no longer has a valid challenge to his extradition and the court will dismiss the petition as moot. Having dismissed the petition, Respondent's motion to dismiss is denied as moot.

28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997). Furthermore, Fed. R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010). Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x 113 (4th Cir. 2003).

Accordingly,

IT IS ORDERED that John Goodall's petition for writ of habeas corpus (Dkt. # 1) is DENIED as MOOT.

This court DECLINES to issue a certificate of appealability.

IT IS FURTHER ORDERED that Respondent's motion to dismiss (Dkt. # 10) is DENIED as MOOT.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: November 2, 2017


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2017, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522